Centra, J. (dissenting).
We respectfully dissent, inasmuch as we disagree with the majority that the emergency exception applies in this case. We therefore conclude that the judgment should be reversed, defendant’s statements that he made to the police should be suppressed, and a new trial should be granted.
The evidence at the suppression hearing established that a sheriffs deputy approached defendant at around 8:45 p.m. as he was walking along a road wearing camouflage clothing; defend *371 ant matched the description of a “suspicious” person who had been seen crouching between parked vehicles. Defendant had blood on his clothing, the presence of which he explained by stating that he butchers deer. After the citizen informants identified defendant as the suspicious person they had seen, the deputy handcuffed defendant and placed him in the back of the police vehicle. Not satisfied with defendant’s answers to his questions, the deputy informed defendant that he was being detained until the deputy could figure out what happened, and he was interrogated for the next several hours by several sheriffs deputies without Miranda warnings and despite his request for counsel. At around 1:30 a.m., a body was found and defendant was formally arrested. Thereafter, defendant’s friend was allowed to speak with defendant in the presence of the police, and defendant made additional incriminating statements to her. County Court denied that part of defendant’s motion seeking to suppress his statements to the police, concluding that the emergency exception applied to justify the police interrogation of defendant without counsel or Miranda warnings. The court further denied that part of defendant’s motion seeking to suppress his statements to his friend because she was not an agent of the police.
In People v Krom (61 NY2d 187, 198-200 [1984]), the Court of Appeals established the emergency exception that allows the police to question a suspect in custody despite the suspect’s request for an attorney. In that case, the police were searching for a victim who had been kidnapped and questioned the defendant, the suspected kidnapper (id. at 192-195). The Court held that it was permissible for the police to question the defendant in the absence of counsel because they were attempting to locate the victim (id. at 199-200; see People v Kimes, 37 AD3d 1, 16 [2006], lv denied 8 NY3d 881 [2007], rearg denied 9 NY3d 846 [2007] [permissible to question the defendant even after she requested an attorney because an “individual’s life or safety (was) at stake”]). The facts of this case, however, are very different from Krom and do not warrant the application of the emergency exception. Most importantly, unlike in Krom, the police in this case were not aware that there was even a victim who needed police assistance. While we agree with the majority that the police did not need to know the victim’s identity (see e.g. People v Boyd, 3 AD3d 535, 536 [2004], lv denied 2 NY3d 737 [2004]), they at least had to know that there was a victim of a crime. The majority relies on the fact that the defendant had blood on his clothes to support the inference that there was a *372 victim somewhere, but defendant explained that the blood on his clothes was from butchering deer, which is certainly a reasonable explanation. To allow the police to disregard a person’s invocation of the right to counsel based on the mere fact that the person has blood on his or her clothing is an unwarranted expansion of the emergency exception.
We agree with the majority, however, that defendant’s statements that he made to his friend in the presence of the police were admissible. Although those statements were made after the emergency had ceased, the court properly determined that the friend was not acting as an agent of the police.
Accordingly, we would reverse the judgment, grant only that part of defendant’s motion seeking to suppress his statements to the police, and grant a new trial. We otherwise concur with the majority on the remaining issues.
Scudder, P.J., and Peradotto, J., concur with Smith, J.; Centra and Fahey, JJ., dissent in a separate opinion by Centra, J.
Ordered that the judgment so appealed from is affirmed.